**Melvyn Monroe BROWN, Petitioner-Appellant,**

v.

**L. E. DUGGER, Superintendent, Florida State Prison, Respondent-Appellee.**

**No. 71–3440**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 29, 1972.

Melvyn Monroe Brown, pro se.

Robert L. Shevin, Atty. Gen., Michael M. Corin, Asst. Atty. Gen., Tallahassee, Fla., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

Melvyn Monroe Brown, a Florida State prisoner, filed a pleading which the District Court construed as a civil rights complaint under 42 U.S.C. § 1983. Appellant alleged that his parents had ordered certain "documents of law" from the Government Printing Office in Washington, D. C. on his behalf, claiming that when the documents were received at the Florida State Prison, he was informed by an official that he could not give the documents to him and that ". . . the Superintendent did not want laws to come into the institution and inmates could not receive law material or have any." The District Court's order to show cause asked that appellee respond to the allegation that prison officials had denied appellant the docu-

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

ments ordered and paid for by him or his parents. The appellee's response included the affidavit of a prison official who related the facts of the incident.

"Inmate Melvin Brown was called to the institutional writ room on February 5, 1971, at about 2:00 P.M. At that time, subject inmate was informed that he had legal material which had been received at the institution and was further instructed that in compliance with institutional and division of corrections directives, these materials would have to be maintained in the writ room for his use. The directives covering this procedure are inmate treatment directive number 17, pages one, two, and three, and institutional policy memorandum number 4. Copies of both documents are attached. Subject inmate informed the undersigned officer that he would not accept delivery on the legal documents unless he could take them with him. Since this was not in compliance with institutional and division policies, the legal documents were repackaged and returned to the sender." [sic]

The regulation reads as follows:

"17.4—*Legal Material*

"Inmates shall be allowed to purchase and receive legal material (such as law books) at their own expense, limited only by the amount of space available to the inmate for the storage of such items. If a separate area is provided in the institution for the preparation of legal documents, the inmate may be required to keep such legal material, including law books and other reference material and the documents he is preparing, in this designated area where he will have access to such material. If a separate area is not provided, inmates shall be allowed to keep such legal material in their quarters.

"The institution shall provide white paper and pen for the preparation of legal documents."

The "documents of law" were returned to the sender, and refund checks were issued by the United States Treasury Department in the amounts of $9.85 and $3.15, made payable to appellant. They were deposited to his prison account pursuant to prison regulations. Appellant's own pleadings show that he was in accord with the procedure.

The District Court concluded that the regulation had been complied with and that the applied rule was not invalid. Its holding is affirmed for the reasons stated in the District Court's unpublished opinion, which are as follows:

"Petitioner alleges that prison officials, in violation of 42 U.S.C. § 1983, have denied him receipt of certain 'documents of law.' It appears in an affidavit submitted by Sgt. Colon Williams that, in conformance with Inmate Treatment Directive No. 17, petitioner was not denied receipt of any legal documents, but that petitioner was informed that such documents would have to be maintained in the writ room. This representation conforms to prison administration policy as provided for in paragraph 17.4 of the above mentioned directive. The allegations of this complaint do not make out a case of abuse of discretion on the part of the Florida prison authorities. Carswell v. Wainwright, 413 F.2d 1044, 1045 (5th Cir. 1969); Roy v. Wainwright, 418 F.2d 231 (5th Cir. 1969).

"It appears that petitioner was not deprived of a right. There is no showing that he was the victim of deliberate discrimination or that the applied rule was inherently discriminatory. Walker v. Blackwell, 411 F.2d 23 (5th Cir. 1969). Petitioner has not been denied access to the courts. Johnson v. Avery, 393 U.S. 483 [89 S. Ct. 747, 21 L.Ed.2d 718] (1969)."

Affirmed.